UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM GLASS | CIVIL ACTION |
| VS. | NO. 2:20-CV-1110 |
| DEARBORN NATIONAL LIFE INSURANCE COMPANY | |

**COMPLAINT**

The Complaint of William Glass respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, William Glass**, of lawful age and a resident of Shubuta, Mississippi, is a plan participant and beneficiary of an ERISA plan created by his employer, Rowan Companies, Inc. and an insured participant of a group disability policy issued by Dearborn National Life Insurance Company.

4. **Defendant, Dearborn National Life Insurance Company** ("Dearborn"), is a foreign corporation, doing business in Louisiana. Upon information and belief, Dearborn is incorporated in Chicago, Illinois, and its principal place of business is in the state of Illinois.

5. Dearborn issued a group policy, insuring the employees of Rowan Companies, Inc. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded his from continuing to perform the duties of his job on a fulltime basis.

8. Plaintiff is disabled under the terms of the disability policy issued by Dearborn.

9. Dearborn unlawfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

10. Plaintiff appealed the denial, but Dearborn upheld its previous decision.

11. Dearborn's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

12. Plaintiff has exhausted his administrative remedies and now files this suit to reverse Dearborn's denial of benefits.

13. Dearborn has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

14. Dearborn has abused its discretion by failing to consider his medical condition in relation to the actual duties of his occupation.

15. Dearborn administered Plaintiff's claim with an inherent and structural conflict of interest as Dearborn is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Dearborn's assets.

16. Dearborn chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

17. As a routine business practice, Dearborn uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

18. Plaintiff has been denied the benefits due to his under the Plan, has suffered, and is continuing to suffer economic loss as a result.

19. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

20. Defendant's denial has required Plaintiff to hire attorneys to represent his in this matter to recover benefits due to his under the Plan.

21. The policy at issue was issued and delivered in Texas.

22. The standard of review in this matter is de novo.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com